# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ARTIVIA SPENCE o/b/o H.J., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1899CAS(LMB) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is an action under 42 U.S.C. § 405(g) for judicial review of defendant's final decision denying plaintiff's application for Supplemental Security Income (SSI) Benefits under Title XVI of the Social Security Act. This case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Currently pending is Defendant's Motion to Reverse and Remand With Suggestions in Support. (Document Number 18). Plaintiff has filed a Response, in which she indicates that she has no objection to defendant's Motion to Reverse and Remand. (Doc. No. 19).

In his motion, defendant requests that the court reverse the decision of the Administrative Law Judge (ALJ) and remand this action pursuant to sentence four of 42 U.S.C. § 405(g). Defendant states that upon receipt of the court's remand order, the Appeals Council of the Social Security Administration will remand this case to an ALJ, who will be directed to give further consideration to plaintiff's functional domains, including attending and completing tasks. The ALJ will also be directed to obtain medical expert evidence at the administrative hearing if necessary. Defendant

-1-

requests that the court enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner.

Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." However, in order for the court to properly remand a case to the Commissioner pursuant to sentence four, the court must enter an order either affirming, modifying or reversing the Commissioner's decision. See Brown v. Barnhart, 282 F.3d 580, 581 (8th Cir. 2002).

The undersigned believes that it is appropriate to reverse and remand this case in order to permit the Commissioner to take further action as requested in his motion.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Reverse and Remand With Suggestions in Support (Doc. No. 18) be **granted**.

**IT IS FURTHER RECOMMENDED** that the decision of the Commissioner be **reversed** and this case be **remanded** to the Commissioner for further proceedings pursuant to sentence four of § 405(g) for those reasons set forth in this report and recommendation.

**IT IS FURTHER RECOMMENDED** that upon remand, the court not retain jurisdiction of this matter.

The parties are advised that they have eleven (11) days to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this  14th   day of July, 2008.

                                                   /s/ Lewis M. Blanton
                                                   LEWIS M. BLANTON
                                                   UNITED STATES MAGISTRATE JUDGE